# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

**MICHAEL J. PRASATEK, SR.,**     )
                                  )
    **Movant,**               )
                                  )
**v.**                            )   **Civil Action No. 1:14-25103**
                                  )   **Criminal Action No. 1:13-00176**
**UNITED STATES OF AMERICA,**     )
                                  )
    **Respondent.**           )

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.[1] (Document No. 25.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 28.)

## FACTUAL BACKGROUND

On July 15, 2013, Movant pled guilty to a single count Information charging him with Structuring Transactions to Evade Reporting Requirement, in violation of 31 U.S.C. § 5324(a)(3). (Criminal Action No. 1:13-00176, Document Nos. 6 - 8.) A Presentence Investigation Report was prepared. (Id., Document No. 19.) The District Court determined that Movant had a Base Offense Level of 12, and a Total Offense Level of 12, the Court having applied the following: (1) a two-level enhancement pursuant to U.S.S.G. § 2S1.3(b)(1)(A) due to Movant's knowledge that the funds were intended to promote unlawful activity; and (3) a two-level reduction for acceptance of responsibility

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

pursuant to U.S.S.G. § 3E1.1(a). (Id., pp. 11 - 12.) The District Court sentenced Movant on January 6, 2014, to serve a 16-month term of incarceration to be followed by a three-year term of supervised release. (Id., Document No. 18.) The District Court also imposed a $100 special assessment and a $3,000.00 fine. (Id.) Movant did not appeal his conviction or sentence to the Fourth Circuit Court of Appeals.

On August 26, 2014, Movant, acting *pro se*, filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and Memorandum in Support. (Civil No. 1:14-25103, Document No. 25.) As grounds for *habeas* relief, Movant alleges that trial counsel was ineffective in failing to present arguments concerning the following: (1) a variance sentence; (2) a substantial assistance motion; and (2) an unwarranted sentencing disparity. (Id., Document No. 26.) By Order entered on August 27, 2014, the undersigned ordered the United States to file an Answer to Movant's claims as set forth in his Section 2255 Motion and Memorandum in Support. (Id., Document No. 29.)

On September 29, 2014, the United States filed its Response to Movant's Motion Under 28 U.S.C. § 2255. (Id., Document No. 31.) The United States argues as follows: (1) "The Defendant is procedurally barred from challenging his within-Guideline sentence" (Id., pp. 9 - 10.); (2) "The Defendant has waived his right to collaterally attack his within-Guideline sentence" (Id., pp. 10 - 14.); and (3) "The Defendant did not receive ineffective assistance of counsel" (Id., pp. 14 - 20.) Movant did not file a Reply.

## **DISCUSSION**

The relevant portion of Section 2255 provides as follows:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was

> without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion made pursuant to Section 2255 is a collateral attack on a conviction or sentence. To succeed on a Section 2255 motion, the movant must prove that "his sentence or conviction was imposed in violation of the Constitution or law of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack." 28 U.S.C. § 2255. "A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States, 2006 WL 36859, * 2 (E.D.Va. Jan. 4, 2006).

The filing of a Section 2255 motion does not supplant or obviate the need to file a direct appeal. Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947). The United States Supreme Court explains that "a final judgment commands respect. For this reason, we have long and consistently affirmed that a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). A non-constitutional claim that could have been, but was not, raised on direct appeal may not be raised for the first time in a Section 2255 motion. Stone v. Powell, 428 U.S. 465, 478 fn. 10, 96 S.Ct. 3037, 3044 fn. 10, 49 L.Ed.2d 1067 (1976). A constitutional claim that could have been, but was not, raised on direct appeal may not be raised for the first time in a Section 2255 motion unless the movant can show either (1) "cause and actual prejudice resulting from the errors of which he complains," or (2) "he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999). "The

existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." Id. at 493. Actual prejudice is shown by demonstrating that the error worked to movant's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997)(quoting Murray v. Carrier, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986)). "In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence. Mikalajunas, 186 F.3d at 493. "Typically, to establish actual innocence, a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent. Id. at 494. The movant must show that "it is more likely than not that no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Furthermore, a movant may not reassert a claim decided on direct review. In Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir.)(per curiam), cert. denied, 429 U.S. 863, 97 S.Ct. 169, 50 L.Ed.2d 142 (1976), the Court held that a defendant "will not be allowed to recast, under the guise of a collateral attack, questions fully considered [on appeal]." An exception exists, however, when there has been an intervening change in the law which justifies consideration of a prior determination. See Davis v. United States, 417 U.S. 333, 342, 94 S.Ct. 2298, 2303, 41 L.Ed.2d 109 (1974).

**1.    Error in Sentencing:**

In his Motion, Movant appears to challenge the validity of his sentence. (Civil Action. 1:14-25103, Document No. 26.) Specifically, Movant argues as follows: (1) his sentence resulted in an unwarranted sentencing disparity; (2) he should have received a sentencing reduction for substantial

4

assistance; and (3) he should have received a sentencing variance. (Id.) In Response, the United States argues that Movant waived his right to collaterally attack his within Guideline sentence. (Id., Document No. 31.) The United States contends that even though Movant has "framed his allegations as ones of ineffective assistance of counsel, they are . . . simply complaints about the length of his sentence, and are therefore waived by the plain language of his plea agreement." (Id.)

The undersigned notes that by his written Plea Agreement, Movant agreed to waive his rights to appeal his conviction and sentence directly and challenge them under Section 2255 except on grounds of ineffective assistance of counsel. (Criminal No. 1:13-00176, Document No. 7, pp. 4 - 5.) It is well established that a defendant may waive his right to appeal or collaterally attack his conviction and sentence if the waiver was entered into knowingly and voluntarily. See United States v. Johnson, 410 F.3d 137 (4th Cir. 2005); United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). "To determine whether a waiver is knowing and intelligent, this court examines 'the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with th terms of the plea agreement.'" United States v. Johnson, 480 Fed.Appx. 229, 230 (4th Cir. 2012)(citation omitted). Generally the waiver is valid and enforceable if a Court fully questions a defendant regarding the waiver of his right to appeal during the Rule 11 colloquy. Id.

Movant's plea agreement and appellate waiver were voluntary. In his Motion, Movant does not argue that his waiver was made unknowingly or unintelligently. (Civil Action No. 1:14-25103, Document No. 26.) During the Plea Hearing, the District Court thoroughly questioned Movant regarding whether his decision to plead guilty was voluntary. (Criminal Action No. 1:13-00176, Document No. 31.) Specifically, the District Court questioned Movant as follows:

    THE COURT:    Except for the specific terms of your plea agreement, has

5

> anyone promised you anything or offered any inducements to you to get you to plead guilty?
>
> THE DEFENDANT: No.
>
> THE COURT: Has anybody threatened you, exerted any force upon you, or done anything to get you to plead guilty against your will?
>
> THE DEFENDANT: No.
>
> THE COURT: Has anyone made any promises to you concerning the sentence you will receive if you plead guilty?
>
> THE DEFENDANT: No.
>
> THE COURT: Has anyone made an predictions to you that I will handle your case more leniently if you plead guilty than if you choose to stand trial?
>
> THE DEFENDANT: No.
>
> THE COURT: Are you, in fact, acting voluntarily and of your own free will in tendering this plea of guilty to the Court?
>
> THE DEFENDANT: Yes.

(Id., pp. 31 - 32.) The undersigned, therefore, concludes that Movant's appellate waiver was voluntary.

Movant's waiver was knowing and intelligent. A review of the plea agreement reveals that the waiver was clear and unambiguous. Specifically, the plea agreement stated, in pertinent part, as follows:

> Mr. Prasatek also knowingly and voluntarily waives the right to challenge his guilty plea and his conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

(Criminal Action No. 1:13-00176, Document No. 7, pp. 4 - 5, ¶ 11.) Considering Movant's educational background, the record reveals that Movant completed high school and had one year of

6

college education. (Id., Document No. 31, p. 5.) During the Plea Hearing, the terms of the plea agreement were reviewed with Movant and he acknowledged that he understood the terms and consequences of signing the plea agreement. (Id., pp. 7 - 18.) Based on the foregoing, the undersigned finds that Movant's appellate waiver was knowing and intelligent. Thus, Movant waived his right to challenge the validity of his conviction and sentence.

**2.     Ineffective Assistance of Counsel:**

Indigent criminal defendants have the constitutional right to effective assistance of counsel through direct appeal. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) When a movant claims ineffective assistance of counsel as a basis for seeking relief under Section 2255, the burden is on the movant to prove that his trial attorney failed to render effective assistance. Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). In Strickland, the Court adopted a two-pronged test for determining whether a defendant received adequate assistance of counsel. Id. The first prong is competence. The movant must show that the representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687 - 691, 104 S.Ct. at 2064 - 2066. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing Court must be highly deferential in scrutinizing the performance of counsel. Strickland, 466 U.S. at 688-89, 104 S.Ct. at 2065 - 2066.

> A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . .. [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Strickland, 460 U.S. at 690, 104 S.Ct. at 2066. The Court will not second-guess an attorney's tactical

decisions unless they appear unreasonable in view of all of the circumstances. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1977). The second prong is prejudice. The movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). An attorney's mere mistake, ignorance or inadvertence does not suffice for proof of ineffective assistance. Murray v. Carrier, 477 U.S. 478, 106 S. Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986)("So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.") The movant must therefore show (1) that his attorney's performance was constitutionally inadequate, i.e., that he committed errors so serious that his performance "fell below an objective standard of reasonableness" and (2) that his attorney's performance prejudiced him such that it rendered the proceeding fundamentally unfair or made the result unreliable.[2] Strickland, 466 U.S. at 687 - 88, 104 S.Ct. at 2064 - 2065; Fitzgerald v. Thompson, 943 F.2d. 463 (4th Cir. 1991), cert. denied, 502 U.S. 1112, 112 S.Ct. 1219, 117 L.Ed.2d 456 (1992).

### A.    Counsel allegedly allowed an unwarranted sentencing disparity.

In his Motion, Movant argues that trial counsel allowed an unwarranted sentencing disparity to occur because trial counsel "failed to inform the Court of the large number of similar cases."[3]

---

[2] Movant was represented by Mr. David Bungard.

[3] According to the Bureau of Prisons' Inmate Locator, Movant is currently located at Baltimore RRM and his projected release date is March 31, 2015.

(Civil Action No. 1:14-25103, Document No. 26.) Movant argues that there are "in excess of thirty" related cases within this District and the Western District of Virginia. (Id.) Movant contends that if trial counsel would have conducted an adequate investigation, he would have discovered the following: (1) "Approximately 80-percent of the similarly situated defendants had yet to be sentenced by January 6, 2014;" (2) Numerous of those defendants either had or would later receive variant sentences under either U.S.S.G. § 5K1.1 or the Fed. R. Crim. P. 35;" (3) "The money involved in Movant's criminal activity was the smallest of all the similar cases;" and (4) "The seven defendants sentenced prior to Movant received an average sentence of 20 months imprisonment for crimes involving an average monetary value exceeding $1.0 million." (Id.) Therefore, Movant concludes that the "Court did not have the opportunity to look at Movant's lowest ranking in the vine of membership of the coalfield's financial improprieties because counsel failed to inform the Court of the large number of similar cases." (Id.) As an Exhibit, Movant attaches a chart containing the case number, fraud amount, and sentence concerning "related" cases within this District and the Western District of Virginia. (Id., pp. 14 - 15.)

In Response, the United States argues that "defendant did not receive an unwarranted disparate sentence." (Id., Document No. 31, pp. 16 - 18.) The United States notes that "defendant provides no support as to the facts of these defendants' cases, how they are related to his case, or why they received the sentences they did." (Id., p. 17.) The United States contends that "[t]he evidence on his own chart shows that many of these defendants received substantial assistance motions, and most of those listed as being sentenced in the Southern District of Virginia actually received higher sentences than that of the defendants." (Id.) The United States further argues that "none of these 'related' cases shed any light on the national sentencing picture for defendants convicted of structuring who have similar criminal history to the defendant." (Id., pp. 17 - 18.)

(Civil Action No. 1:14-25103, Document No. 26.) Movant argues that there are "in excess of thirty" related cases within this District and the Western District of Virginia. (Id.) Movant contends that if trial counsel would have conducted an adequate investigation, he would have discovered the following: (1) "Approximately 80-percent of the similarly situated defendants had yet to be sentenced by January 6, 2014;" (2) Numerous of those defendants either had or would later receive variant sentences under either U.S.S.G. § 5K1.1 or the Fed. R. Crim. P. 35;" (3) "The money involved in Movant's criminal activity was the smallest of all the similar cases;" and (4) "The seven defendants sentenced prior to Movant received an average sentence of 20 months imprisonment for crimes involving an average monetary value exceeding $1.0 million." (Id.) Therefore, Movant concludes that the "Court did not have the opportunity to look at Movant's lowest ranking in the vine of membership of the coalfield's financial improprieties because counsel failed to inform the Court of the large number of similar cases." (Id.) As an Exhibit, Movant attaches a chart containing the case number, fraud amount, and sentence concerning "related" cases within this District and the Western District of Virginia. (Id., pp. 14 - 15.)

In Response, the United States argues that "defendant did not receive an unwarranted disparate sentence." (Id., Document No. 31, pp. 16 - 18.) The United States notes that "defendant provides no support as to the facts of these defendants' cases, how they are related to his case, or why they received the sentences they did." (Id., p. 17.) The United States contends that "[t]he evidence on his own chart shows that many of these defendants received substantial assistance motions, and most of those listed as being sentenced in the Southern District of Virginia actually received higher sentences than that of the defendants." (Id.) The United States further argues that "none of these 'related' cases shed any light on the national sentencing picture for defendants convicted of structuring who have similar criminal history to the defendant." (Id., pp. 17 - 18.)

Finally, the United States claims that any disparity was not unwarranted because the District Court explained that it was imposing a sentence at the high end of the guidelines because of the specific circumstances of the defendant's offense and criminal history. (Id., p. 18.)

The undersigned finds that trial counsel was not ineffective by failing to investigate and present evidence concerning allegedly "related cases." Title 18 U.S.C. § 3553(a)(6) provides that when imposing a sentence, the Court must consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Movant, however, acknowledges that at the time of his sentencing by the District Court, sentencing had not yet occurred in 23 of the 30 cases that he alleges to be "related." Additionally, Movant acknowledges that "[t]he seven defendants sentenced prior to Movant received an average sentence of 20 months imprisonment," which exceeds Movant's sentence of 16 months. To the extent Movant argues that his sentence was unwarranted because the total amount of loss involved in his case was less than the "related cases," the undersigned notes that trial counsel presented an argument for sentencing variance based upon the low amount of funds involved. (Criminal Action No. 1:13-cr-00176, Document No. 32, pp. 9 - 8.) Trial counsel further argued that the Court should impose a variance sentence based upon defendant's cooperation, age, and compliance with bond conditions. The Fourth Circuit has recognized that it does "not penalize attorneys for failing to bring novel or long-shot contentions" and "[a]ttorneys can be selective and strategic without risking ineffective assistance of counsel claim." United States v. Masion, 774 F.3d 824 (4th Cir. 2014)(citations omitted). Furthermore, Movant fails to indicate a similar record or similar conduct by any of the defendants involved in the allegedly "related cases." Movant's claim that the cases are related for purpose of Section 3553(a)(6) because the cases involved financial crimes related to the coal industry is insufficient. See United States v. Chandia, 675 F.3d 329, 342 (4th Cir. 2012)("comparing

the sentences of other defendants with dissimilar offenses, circumstances, and criminal histories is unavailing), cert. denied, ___ U.S. ___, 133 S.Ct. 609, 184 L.Ed.2d 397 (2012). There is no indication that any of the defendants in the allegedly "related cases" had a similar criminal history as Movant. Despite trial counsel's arguments that Movant's criminal history was more than 10 years old and involved non-violent "paper crimes," the District Court determined that Movant's criminal history was a factor in imposing a sentence at the high end of the guidelines. (Criminal Action No. 1:13-00176, pp. 9 - 10, 16 - 17.) Specifically, the District Court explained as follows:

> Factoring in my decision is he had the two previous federal convictions here, which although they weren't scored as far as the defendant's criminal history, it still gives me concern about the defendant's ability to abide by the law, and I think that he needs to be punished, and the 16-month sentence will do that to an adequate degree.

(Id.) Thus, there is no indication that Movant received an unwarranted sentencing disparity. The undersigned, therefore, finds that trial counsel was not unreasonable in failing to present allegedly "related cases," and that but for trial counsel's failure Movant would have received a less severe sentence. Accordingly, the undersigned respectfully recommends that Movant's above claim of ineffective assistance of counsel be dismissed.

   **B.**  **Counsel's alleged ineffectiveness regarding variance sentencing.**

Movant argues that trial counsel "rendered constitutionally defective assistance during the sentencing phase." (Civil Action No. 1:14-25103, Document No. 26.) First, Movant argues that trial counsel should have moved for a substantial assistance reduction. (Id.) Second, Movant appears to complain that trial counsel failed to adequately present mitigating sentencing factors. (Id.) Movant contends that if trial counsel would have acted effectively during sentencing, Movant would have received home confinement or probation instead of a term of imprisonment. (Id.) The United States argues that "defense counsel provided effective representation at his sentencing hearing." (Id.,

Document No. 31, p. 19.) The United States notes that the "sentencing transcript reveals that defendant's counsel made a strong argument for a variance sentence." (Id.)

Based upon a review of the record, the undersigned finds that trial counsel was not ineffective during sentencing. First, the undersigned finds that trial counsel did not act ineffectively by failing to request a substantial assistance reduction. U.S.S.G. § 5K1.1 provides that "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed and offense, the court may depart from the guidelines."[4] The record fails to reveal any motion by the government requesting a departure for substantial assistance. Thus, any such motion by trial counsel would have been without merit. See United States v. Kilmer, 167 F.3d 889, 893 (5th Cir. 1999)(stating that "[a]n attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue"); Moore v. United States, 934 F.Supp. 724, 731 (E.D.Va. 1996)(holding that "there can be no claim of ineffective assistance where, as here, counsel is alleged to have failed to raise a meritless argument").

Next, the undersigned finds that trial counsel was not ineffective in failing to present mitigating sentencing factors. Specifically, trial counsel strongly argued for a variance sentence. Trial counsel argued that the Court should impose a variance sentence based upon the following: defendant's cooperation, the nature and circumstances of the offense, defendant's age, and defendant's compliance with bond conditions. (Criminal Action No. 1:13-00176, pp. 6 - 10.) Trial

---

[4] Rule 35 of the Federal Rules of Criminal Procedure provides for reducing a sentence after its imposition. Similar to U.S.S.G. § 5K1.1, however, Rule 35(b) provides that a sentence may be reduced for substantial assistance upon the government's motion.

counsel strongly focused on the nature and circumstances of the offense arguing as follows:

> But one of the things that I would ask you to take into consideration for purposes of this hearing would be that the guideline in this case presumes that all of the structured money here went to him, when, in fact, it didn't. He was only getting 15 percent of the amount. So out of the - - one of the enhancements that he received for the based offense level was a six-level bump based upon the amount of funds involved, and that was 54,700 dollars. His take of that sum would have only been about 8,200 dollars. So to the extent that the guideline is this case would punish Mr. Prasatek to some extent by taking in the presumption that he would get all that amount, when, in fact, he really didn't. The remainder of that went to Mr. Trent and others.

(Id., pp. 7 - 8.) Trial counsel further asserted that Movant's compliance with bond conditions "indicated he's somebody that can be monitored on probation." (Id., p. 9.) Finally, trial counsel acknowledged that Movant had a past criminal history, but strongly argued that his prior convictions occurred more than 10 years ago and involved only non-violent "paper crimes." (Id., pp. 9 - 10.) The Court will not second-guess an attorney's tactical or strategic decisions unless they appear unreasonable in view of all of the circumstances. In view of all of the circumstances, the undersigned finds that trial counsel's strategic decisions were reasonable. There is no indicated that trial counsel unreasonably failed to present mitigating evidence at sentencing, and that but for trial counsel's failure Movant would have received a less severe sentence. Accordingly, the undersigned respectfully recommends that Movant's above claim of ineffective assistance of counsel be dismissed.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document No. 25.) and **REMOVE** this matter

from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Movant shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: February 19, 2015.

R. Clarke VanDervort
United States Magistrate Judge